IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | _____ |
| ) | |
| EPIPHANY HEALTHCARE SYSTEM, ) | |
| INC. d/b/a ACCESSIBLE HEALTH ) | |
| CARE OF SOUTH ATLANTA and ) | |
| DICKSON OSANU, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Patricia Lett (hereinafter "Ms. Lett"), by and through undersigned counsel, and hereby files this Complaint for Damages against Epiphany Healthcare System, Inc. d/b/a Accessible Health Care of South Atlanta ("Accessible Health Care") and Dickson Osanu, showing as follows:

### INTRODUCTION

1.

The instant action arises from Accessible Health Care's violation of Ms. Lett's right to minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2.

During the employment of Ms. Lett, Accessible Health Care violated the FLSA by failing to timely pay Ms. Lett at the legally required minimum wage rate for all hours worked. As a result, Ms. Lett is seeking unpaid minimum wages, unpaid regular wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b) and applicable law.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Accessible Health Care is subject to this Court's personal jurisdiction.

## PARTIES

5.

Ms. Lett resides in Clayton County, Georgia and is a citizen of the United States.

6.

At all times material hereto, Ms. Lett was a non-exempt "employee" of Accessible Health Care for purposes of the FLSA.

7.

At all times material hereto, Ms. Lett handled, sold, and/or worked with goods or materials that have been moved in or produced for commerce, and she was thus engaged in commerce during her employment with Accessible Health Care.

8.

Defendant Epiphany Healthcare System, Inc. d/b/a Accessible Health Care of South Atlanta ("Accessible Health Care") is a Georgia corporation with its principal office located at 4405 Mall Blvd., Ste. 315, Union City, Georgia 30291. Accessible Health Care regularly does business in the State of Georgia and may be served through its registered agent, Dickson Osanu, at 318 Carriage Oaks Dr., Tyrone, Georgia 30290.  At all times material hereto, Accessible Health Care was an "employer" of Ms. Lett for purposes of the FLSA, and Accessible Health Care is jointly and severally liable for the failure to pay Ms. Lett as required.

9.

Defendant Dickson Osanu ("Mr. Osanu") is a Georgia resident. On information and belief, Mr. Osanu is the CEO and Secretary of Accessible Health Care. At all times material hereto, Mr. Osanu exercised control over significant aspects of the operations of Accessible Health Care, including employee compensation, and Mr. Osanu personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Mr. Osanu was an "employer" of Ms. Lett for purposes of the FLSA, and Mr. Osanu is jointly and severally liable for the failure to pay Ms. Lett as required.

10.

At all times material to this action, Accessible Health Care and Mr. Osanu were Ms. Lett's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Ms. Lett, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Lett, and/or because the individual Defendants shared control of Ms. Lett's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

11.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

## FACTUAL ALLEGATIONS

12.

Ms. Lett worked at Accessible Health Care for approximately one year before she resigned on May 21, 2015.

13.

Defendants agreed to pay Ms. Lett at the rate of $9.00 per hour for each hour worked.

14.

Defendants failed to pay Ms. Lett for the last three pay periods in which she worked, leaving a total of 67 hours uncompensated. Thus, Defendants owe Ms. Lett $603.00 in unpaid wages.

15.

Although Defendants were aware of the fact that Ms. Lett worked a total of 67 hours during her final three pay periods, Defendants failed to compensate Ms. Lett at the minimum wage rate for these hours.

16.

Before initiating the instant suit, Ms. Lett attempted to resolve her claims outside of litigation; however, Defendants refused to pay Ms. Lett the unpaid wages owed to her.

17.

As a result of Defendants' refusal to pay Ms. Lett directly for her uncompensated time, Ms. Lett had to seek the assistance of undersigned counsel.

18.

By unjustifiably refusing to compensate Ms. Lett for hours worked, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Lett unnecessary trouble and expense.

19.

Defendants have not made a good faith effort to comply with the FLSA with respect to Ms. Lett.

## COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)

20.

Ms. Lett realleges and incorporates Paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21.

At all times relevant hereto, Ms. Lett was a non-exempt employee for purposes of the FLSA.  Thus, Defendants were obligated to pay Ms. Lett at a rate not less than the hourly minimum wage of $7.25 per hour.

22.

By failing to properly pay Ms. Lett in accordance with § 206 of the FLSA, despite knowledge of Ms. Lett's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

23.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Ms. Lett is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Ms. Lett at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## COUNT TWO: BREACH OF CONTRACT

24.

Ms. Lett realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

Defendants agreed to pay Ms. Lett an hourly wage for each hour worked.

26.

By failing to pay Ms. Lett for each hour worked, Defendants breached their agreement with Ms. Lett.

27.

As a result of Defendants' breach of contract, Ms. Lett is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT THREE: ATTORNEYS' FEES AND EXPENSES

28.

Ms. Lett realleges and incorporates Paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Lett unnecessary trouble and expense.

30.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Ms. Lett for the attorneys' fees and costs incurred to prosecute this action.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Lett prays:

(a) That Defendants be served with process and required to answer this suit;

(b) For a trial by a jury;

(c) For judgment in favor of Ms. Lett and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(d) For an award of litigation expenses and costs, including attorneys' fees; and

(e) For such other and further relief as this Court deems just and proper.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this  16th  day of July, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com