# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of May 12, 2016, by and between EPIPHANY HEALTHCARE SYSTEM, INC. d/b/a/ ACCESSIBLE HEALTH CARE OF SOUTH ATLANTA ("Accessible Health Care") and DICKSON OSANU ("Osanu") (collectively "Defendants"), on the one hand, and PATRICIA LETT ("Lett" or "Plaintiff"), on the other hand.  Together, Defendants and Plaintiff are referred to as the "Parties."

## RECITALS

WHEREAS, on or about July 16, 2015, Plaintiff filed a lawsuit captioned *Patricia Lett v. Epiphany Healthcare System*, *INC. d/b/a Accessible Health Care of South Atlanta and Dickson Osanu* Case No. 3:15-cv-00114-TCB in the U.S. District Court for the Northern District of Georgia against Defendants (hereinafter, the "Litigation");

WHEREAS, Plaintiff's Complaint alleges that Defendants failed to pay Plaintiff minimum wage as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, on or about August 6, 2015, Defendants filed their Answer denying the allegations of Plaintiff's Complaint and setting forth their affirmative and other defenses;

WHEREAS, at all times, Defendants have vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve their claims, disputes, and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1.     **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendants shall pay Plaintiff and her counsel a total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) (the "Settlement Payment"). The Parties have consented and agree, however, that if Defendants deliver the payments detailed below in Paragraph Nos. 1(a and b), on or before the specified times, Defendants will not have to pay the remaining balance of the Settlement Payment, and Plaintiff will file a Joint Stipulation of Dismissal with Prejudice within five (5) days of timely receipt of the last payment.  Upon execution of this Agreement, Defendants will deliver to

counsel for Plaintiff an executed Stipulation of Dismissal with Prejudice in the form of Exhibit"1," attached.   Upon timely receipt of both of the payments described below, Defendants authorize Plaintiff and her counsel to file the Stipulation of Dismissal with Prejudice, and Plaintiff and her counsel agree to file the Stipulation of Dismissal with Prejudice.

      (a)     On or before May 30, 2016, Defendants shall deliver to Plaintiff's Counsel one check made payable to Cohan Law Group, LLC in the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00), which payment must be actually received on or before the due date.

      (b)     On or before June 30, 2016, Defendants shall deliver to Plaintiff's Counsel one check made payable to Cohan Law Group, LLC in the gross amount of Seven Thousand Dollars and Zero Cents ($7,000.00), which payment must be actually received on or before the due date.

Upon execution of this Agreement, Defendants will sign and deliver to counsel for Plaintiff a Consent Judgment in the form of Exhibit "2," attached hereto.  Upon the failure of Defendants to timely make either of the payments described above, Defendants hereby authorize Plaintiff and her counsel to present the Judgment for immediate entry by the Court.   Defendants further authorize Plaintiff and her counsel to do such things as may be necessary to secure entry and perfection of the Consent Judgment.

**2.**    **Timing.** The Parties agree time is of the essence as to every provision of this Agreement.

**3.**    **Court Approval of Agreement and Dismissal with Prejudice.** Upon execution of this Agreement, Defendants consent to the Motion to Approve Settlement attached hereto as Exhibit "3," and do hereby authorize Plaintiff and her counsel to file the Motion with their consent and to present a proposed Order in the form of Exhibit "4," attached hereto. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement.

**4.**    **Mutual Release.** In exchange for and conditioned upon Court approval and timely receipt of the payments described above and, Plaintiff, on behalf of herself and her heirs, successors, agents, and all other related persons or entities, and Defendants, on behalf of themselves, and their subsidiary, parent, and successor companies, heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise, and forever discharge each other of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against each other arising out of or relating to Plaintiff's employment relationship with, and/or termination of her employment relationship with, Defendants from the beginning of time

through the date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment.  It is expressly understood and agreed that the release contained in this Agreement is a general release.

**5.** **No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Litigation), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 4 above.

**6.** **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious or unlawful activity. Defendants specifically disclaim and deny any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

**7.** **Non-Disparagement.** The Parties agree that, unless required to do so by legal process, Plaintiff and Defendants will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or Parties.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

**8.** **Neutral Reference**.  Defendants will respond to any inquiry from a prospective employer concerning Plaintiff only by confirming dates of employment, position held and rate of compensation.

**9.** **Agreement is Legally Binding.** The Parties intend that this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 4 above, but not a Party, are third-party beneficiaries of this Agreement.

10.   **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

11.   **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

12.   **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

13.   **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

14.   **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

15.   **Counterparts and Execution.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  In addition, signatures may be exchanged electronically (fax/scan/email) and such electronic signatures shall be deemed originals for all purposes.

16.   **Drafting.**  The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**17.     Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

**PATRICIA LETT**

Signature: _Patricia Lett_

Date: _5/12/16_

**DICKSON OSANU**

Signature: _____

Date: _____

**EPIPHANY HEALTHCARE SYSTEM, INC. d/b/a ACCESSIBLE HEALTH CARE OF SOUTH ATLANTA**

Signature: _____

By (Print): _____

Title: _____

Date: _____

17.     <u>**Authority to Execute Agreement**</u>. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**PATRICIA LETT**

Signature: _____

Date: _____

**DICKSON OSANU**

Signature: _____

Date: 5/9/16

**EPIPHANY HEALTHCARE SYSTEM, INC. d/b/a ACCESSIBLE HEALTH CARE OF SOUTH ATLANTA**

Signature: _____

By (Print): DICKSON OSANU

Title: CEO/OWNER.

Date: 5/9/16.

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA LETT,             ) | |
|                         ) | |
|     Plaintiff,        ) | |
|                         ) | Civil Action File No. |
| v.                      ) | 3:15-cv-114-TCB |
|                         ) | |
| EPIPHANY HEALTHCARE SYSTEM, ) | |
| INC. d/b/a ACCESSIBLE HEALTH ) | |
| CARE OF SOUTH ATLANTA and ) | |
| DICKSON OSANU,      ) | |
|                         ) | |
|     Defendants.      ) | |
|                         ) | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Order of the Court [docket # ___], the parties hereby dismiss this action with prejudice.  Each party to bear its own costs.

Respectfully submitted this ____ day of July, 2016.

Prepared and approved:

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
3340 Peachtree Rd. NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
*Attorney for Plaintiff*

Consented to and approved:

**DEREK M. WRIGHT, LLC**

*/s/ Derek M. Wright*

DEREK M. WRIGHT
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303
(678) 710-8395 (telephone)
(678) 710-8379 (facsimile)
attorneyderekwright@gmail.com
*Attorney for Defendants*

I further certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Louis R. Cohan*
Louis R. Cohan
Cohan Law Group, LLC
Georgia Bar No. 173357

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICIA LETT,                )
                                   )

   Plaintiff,            )
                                   )

v.                         )    **Civil Action File No.**
                                   )    **3:15-cv-114-TCB**

EPIPHANY HEALTHCARE SYSTEM, )
INC. d/b/a ACCESSIBLE HEALTH  )
CARE OF SOUTH ATLANTA and   )
DICKSON OSANU,               )
                                   )

   Defendants.          )
_____)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on July ___, 2016, the electronically filed the foregoing DISMISSAL WITH PREJUDICE, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorney of record:

Derek M. Wright
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303

*/s/ Louis R. Cohan*
Louis R. Cohan
Cohan Law Group, LLC
Georgia Bar No. 173357

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **PATRICIA LETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | **3:15-cv-114-TCB** |
| | ) | |
| **EPIPHANY HEALTHCARE SYSTEM,** | ) | |
| **INC. d/b/a ACCESSIBLE HEALTH** | ) | |
| **CARE OF SOUTH ATLANTA and** | ) | |
| **DICKSON OSANU,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CONSENT JUDGMENT

The Parties having consented and agreed, the Court hereby enters Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $35,000.00, less credit for payments previously made by Defendants. Interest shall accrue on the Judgment at the legal rate.

SO ORDERED this ___ day of _____, _____.

_____
HONORABLE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

**CONSENTED TO BY:**

**COHAN LAW GROUP, LLC**

LOUIS R. COHAN
Georgia Bar No. 173357
3340 Peachtree Rd. NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
*Attorney for Plaintiff*

**DEREK M. WRIGHT, LLC**

DEREK M. WRIGHT
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303
(678) 710-8395 (telephone)
(678) 710-8379 (facsimile)
attorneyderekwright@gmail.com
*Attorney for Defendants*

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICIA LETT,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )          **Civil Action File No.**
                                        )          **3:15-cv-114-TCB**
EPIPHANY HEALTHCARE SYSTEM,             )
INC. d/b/a ACCESSIBLE HEALTH            )
CARE OF SOUTH ATLANTA and               )
DICKSON OSANU,                          )
                                        )
    Defendants.                         )
_____     )

## CONSENT MOTION FOR
## APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff **PATRICIA LETT** ("Plaintiff") and Defendants **EPIPHANY HEALTHCARE SYSTEM, INC. d/b/a/ ACCESSIBLE HEATH CARE OF SOUTH ATLANTA and DICKSON OSANU** (collectively "Defendants"), jointly file this consent motion for approval of their settlement agreement, requesting that the Court approve the Parties' settlement. This motion is based upon the Settlement Agreement and Release ("Settlement Agreement") (attached as Exhibit A) and all the files, records, and proceedings herein. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.    Factual Background

On July 16, 2015, Plaintiff filed her Complaint initiating this lawsuit in which she alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 209 U.S.C. § 201, *et seq.* by misclassifying her as an exempt employee and not paying her minimum wage for all the hours she worked.  Defendants answered the Complaint denying any wrongdoing under the FLSA and asserting that Plaintiff was properly classified as an exempt employee and was not owed the additional compensation Plaintiff alleged in her Complaint.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings.  The Parties underwent mediation with Magistrate Judge Russell G. Vineyard of this Court to resolve their dispute.  The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' mediation and represent a reasonable compromise of the disputed issues in this case.

The Parties have reached a settlement to resolve the Plaintiff's claims for unpaid wages, liquidated damages, and attorney's fees, as outlined in more detail in the proposed Settlement Agreement.  (*See* Settlement Agreement; Exhibit A).

Defendants have agreed to pay Plaintiff two payments, one on or before May 30, 2016, and the other on or before June 30, 2016.  Ex. A.  The Parties will file a

Joint Stipulation of Dismissal with Prejudice within five (5) days of receipt by Plaintiff of the last payment outlined in the Settlement Agreement, if and only if Plaintiff actually receives both payments on or before the due dates. *Id.* Should the Defendants fail to timely make either of the payments, Defendants authorize Plaintiff and her counsel to present a Consent Judgment for entry by the Court. *Id.*

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.   <u>Memorandum of Law in Support of the Motion</u>

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).* The two limited circumstances in which FLSA

3

claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL

4

737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King,* 2007 WL 737575, \*3 quoting *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King,* 2007 WL 737575 \*3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

### III.   Analysis

In her Complaint, Plaintiff alleged that she was misclassified as an exempt employee and was not compensated for all hours worked. Although Defendants disputed these contentions, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through mediation with Magistrate Judge Vineyard. Ex. A.

5

In terms of fairness of the Settlement Agreement, Plaintiff's probability of success was uncertain, and even in Plaintiff had succeeded in showing liability, the amount of damages was also uncertain.  Thus, settlement of the action in favor of certainty was a fair and reasonable decision.  The Parties have worked together to reach a settlement that adequately compensates Plaintiff for her alleged unpaid wages and for her attorney's fees and costs incurred in bringing this lawsuit.  Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

## IV.   <u>No Admission of Liability</u>

The Parties are settling disputed claims.  The settlement is a compromise of these claims.  This settlement is not an admission of liability by Defendants of any violation of the FLSA.  Liability is expressly denied by Defendants.

WHEREFORE, Plaintiff and Defendants pray that this Court will enter an Order approving the settlement.  A proposed order is attached hereto.

Respectfully submitted this _____ day of June, 2016.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*
_____

LOUIS R. COHAN
Georgia Bar No. 173357
3340 Peachtree Rd. NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
*Attorney for Plaintiff*

**DEREK M. WRIGHT, LLC**

*/s/ Derek M. Wright (with express
permission)*

DEREK M. WRIGHT
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303
(678) 710-8395 (telephone)
(678) 710-8379 (facsimile)
attorneyderekwright@gmail.com
*Attorney for Defendants*

I further certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Louis R. Cohan*
Louis R. Cohan
Cohan Law Group, LLC
Georgia Bar No. 173357

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA LETT,                         )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Action File No.
                                       )        3:15-cv-114-TCB
EPIPHANY HEALTHCARE SYSTEM,            )
INC. d/b/a ACCESSIBLE HEALTH           )
CARE OF SOUTH ATLANTA and              )
DICKSON OSANU,                         )
                                       )
        Defendants.                    )
_____)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June ___, 2016, the electronically filed the foregoing CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorney of record:

Derek M. Wright
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303

/s/ Louis R. Cohan
Louis R. Cohan
Cohan Law Group, LLC
Georgia Bar No. 173357

8

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA LETT,                          )
                                        )
    Plaintiff,                         )
                                        )
v.                                      )          Civil Action File No.
                                        )          3:15-cv-114-TCB
EPIPHANY HEALTHCARE SYSTEM,             )
INC. d/b/a ACCESSIBLE HEALTH            )
CARE OF SOUTH ATLANTA and               )
DICKSON OSANU,                          )
                                        )
    Defendants.                        )
_____)

## CONSENT ORDER APPROVING SETTLEMENT

Plaintiff and Defendants filed a Consent Motion for Approval of a proposed Settlement Agreement.

Per the Settlement Agreement, the Parties have agreed that Defendants shall pay Plaintiff two payments, one on or before May 30, 2016, and the other on or before June 30, 2016. Should the Defendants fail to timely make either of the payments, Defendants authorize Plaintiff and her counsel to present a Consent Judgment for entry by the Court.

Having reviewed the proposed Settlement Agreement, this Court finds it to be a reasonable settlement of the Plaintiff's claims under the Fair Labor Standards

Act.

The Parties' Motion is, therefore, GRANTED.

IT IS HEREBY ORDERED that the Settlement Agreement is approved. The Parties are directed to file a Joint Stipulation of Dismissal with Prejudice within five (5) days of receipt by Plaintiff of the last payment outlined in the Settlement Agreement, if and only if Plaintiff actually receives both payments on or before the due dates.

If Defendants fail to timely make either payment outlined in the Settlement Agreement, Plaintiff shall file the proposed Consent Judgment.

The parties shall bear their own costs.

**SO ORDERED** this the _____ day of _____, 2016.


_____
HONORABLE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

**CONSENTED TO BY:**

**COHAN LAW GROUP, LLC**

**DEREK M. WRIGHT, LLC**

LOUIS R. COHAN
Georgia Bar No. 173357
3340 Peachtree Rd. NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
*Attorney for Plaintiff*

DEREK M. WRIGHT
Georgia Bar No. 777740
50 Hurt Plaza, Ste. 802
Atlanta, Georgia 30303
(678) 710-8395 (telephone)
(678) 710-8379 (facsimile)
attorneyderekwright@gmail.com
*Attorney for Defendants*